UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARCELLUS HOLLINGSWORTH,

                            Plaintiff,

        -against-

Sergeant ERICK NOLAN, Shield No. 1884; Sergeant ALEXANDER LAGO, Shield No. 4365; Police Officer ADAM TRIOLO, Shield No. 27156; Police Officer EHTASHAM KHAN, Shield No. 7235; Police Officer VIANNA VARGAS, Shield No. 9977; Police Officer ALEKSANDR KOVALENKO; Shield No. 14504; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Marcellus Hollingsworth ("plaintiff" or "Mr. Hollingsworth") is a resident of Kings County in the City and State of New York.

7. Defendant Sergeant Erick Nolan, Shield No. 1884 ("Nolan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nolan is sued in his individual and official capacities.

8. Defendant Sergeant Alexander Lago, Shield No. 4365 ("Lago"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lago is sued in his individual and official capacities.

9. Defendant Police Officer Adam Triolo, Shield No. 27156 ("Triolo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Triolo is sued in his individual and official capacities.

10. Defendant Police Officer Ehtasham Khan, Shield No. 7235 ("Khan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Khan is sued in his individual and official capacities.

11. Defendant Police Officer Vianna Vargas, Shield No. 9977 ("Vargas"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vargas is sued in his individual and official capacities.

12. Defendant Aleksandr Kovlenko, Shield No. 14504 ("14504"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kovalenko is sued in his individual and official capacities.

13. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

16. At approximately 11:30 p.m. on May 16, 2011, Mr. Hollingsworth was violently attacked by defendant officers in the area of 405 Georgia Avenue in Brooklyn, New York.

17. Defendants arrested Mr. Hollingsworth.

18. During the course of their attack on him, defendants kicked Mr. Hollingsworth about his body, including on his head and directly in his face as he lay on the ground helpless.

19. Defendants pepper sprayed Mr. Hollingsworth in his eyes as he sat handcuffed on the floor, bloodied and dazed from their beating.

20. Mr. Hollingsworth sustained severe injuries including a left orbital blowout fracture requiring surgery and the insertion of hardware.

21. All criminal charges against Mr. Hollingsworth were ultimately dismissed in their entirety.

22. Mr. Hollingsworth suffered damage as a result of defendants' actions. Mr. Hollingsworth suffered emotional distress, mental anguish, fear, significant pain, severe bodily injury, anxiety, embarrassment and humiliation. His injuries are serious in nature, continuing and will require continuing medical treatment.

## FIRST CLAIM
**Unreasonable Force**

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Failure To Intervene**

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

28. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

# **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   March 15, 2013
         New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflaw.com

*Attorney for plaintiff*