

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL K. GERTZER
Assistant Corporation Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 356-2654
Fax: (212) 356-3509

September 5, 2014

**BY ECF**
Honorable Steven M. Gold
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  <u>Marcellus Hollingsworth. v. Eric Nolan, et al.</u>,
           13 Civ. 398 (WFK)(SMG)

Dear Judge Gold:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter. I write in opposition to plaintiffs' letter of September 2, 2014, seeking an order directing defendants to produce certain discovery on the basis that it is either (1) unnecessary because defendants have already agreed to produce nearly everything that plaintiff seeks; or (2) in some instances plaintiff seeks information to which he is no entitled. Therefore, defendants respectfully request that plaintiff's motion be denied.

        As background to plaintiff's motion, the Court may recall that on June 5, 2014, a settlement conference was held. During the conference, without describing the particulars of what was said, plaintiff represented that he would produce certain documentation, such as plaintiff's text messages from the date of the incident that would address certain concerns held by defendants, whereupon the parties could reopen settlement discussions.[1] Based upon these representations, the Court set an October 3, 2014 deadline for discovery, and scheduled a settlement conference to be held on October 16, 2014.

---

[1] Defendants have made a formal discovery demand for this information. Plaintiff has not yet specified whether or not they will comply with this demand.

Plaintiffs never provided this information. In fact, defendants did not hear from plaintiff again until August 5, 2014, when plaintiffs suddenly presented defendants with a laundry-list of purportedly outstanding discovery. Since that time, defendants have attempted to work with plaintiffs and have produced nearly 2000 pages of documents, with more to be produced as they are received by this office.

### Employment Files

Plaintiff asserts only two claims: excessive force and failure to intervene. There is no *Monell* claim and the City of New York is not a party. Thus, the defendants' employment records are likely to ultimately constitute admissible evidence. Notwithstanding the foregoing, in an effort to resolve this issue without resorting to motion practice, defendants produced their employment files, with the exception of defendant Triolo's, which defendants are still tracking down. Plaintiff now claims that certain performance evaluations are missing from the files. Defendants are presently trying to ascertain if this is the case.[2]

### Outstanding Disciplinary Files

Likewise, defendants believe that that files relating to prior IAB or CCRB investigations into incidents concerning defendants are of dubious relevance, but have agreed to produce files relating to allegations of excessive force or dishonesty. The overwhelming majority of these files have already been produced.

Of the remaining files that plaintiff seeks, CCRB 201009604 will be produced, and defendant hopes to have IAB file C10-0036 in hand soon as well. IAB file M06-1098 cannot be located.

Certain IAB files also sought by defendants were produced as BCAT forms. A BCAT is a one page form sometimes maintained by IAB in lieu of the actual file. Frequently a BCAT will provide no indication that another file still exists. If the underlying file still exists, the file number is usually contained on the BCAT. Plaintiffs seek the underlying files for eight of the produced BCATS. Of these, four (11-12240, 07-28709, 08-19858 and 08-38719) have no additional file number indicating that there is likely no underlying file. 11-22134 relates to IAB's brief investigation into the incident before it was handed off to CCRB. This file will be produced soon. Defendants are attempting to ascertain whether there exists a file for 09-09698, 10-35439 and 11-41178.

Defendant objects to producing IAB 07-08058 because this relates to an incident where PO Vianna Vargas apparently failed to safeguard her firearm while off-duty. Thus, this incident concerns completely different allegations than those at issue.

Likewise, defendants object to producing IAB 04-02297 because this concerns an allegation of "Dispute Traffic (Off Duty)" which bears no relation to the issues presented in this action.

---

[2] Again, as there is no claim against the City of New York, it is hard to see the relevance of any performance evaluations.

### Redactions from Disciplinary Histories

Plaintiff asserts only two claims: excessive force and failure to intervene. Defendants produced disciplinary files relating to force or dishonesty (including missing property allegations). When defendants produced the disciplinary histories for each defendant, files not containing these types of allegations were redacted. Plaintiff also seeks files relating to "abuse of authority," discourtesy and "failure to report off-duty incident."

In light of the fact that defendants' disciplinary history relating to prior allegations of excessive force is of only the most tangential relevance, at best, defendants object to producing any disciplinary files that do not contain allegations of excessive force or dishonesty. *Young v. City of New York*, 10 Civ. 1701 (RMB)(THK), 2010 U.S. Dist. LEXIS 107208, at *3 (S.D.N.Y. Oct. 7, 2010)("It is now commonplace in the courts of this Circuit to require the production of CCRB and IAB files relating to both substantiated and unsubstantiated allegations of similar conduct").

None of these allegations are relevant to this action cannot be discoverable under Rule 26. What plaintiff does not say in his letter (but can be seen in defendants' letter to plaintiff of August 25, 2014, annexed to plaintiff's motion as Exhibit 3), is that the following types of "abuse of authority" were not produced: "stop," "search," "strip search," "threat of arrest," "arrest," "frisk," "disputed summons." None of these types of "abuse of authority" have anything to do with either excessive force or the honesty of the officer. *Gibbs v. City of New York*, CV-06-5112 (ILG)(VVP), 2008 U.S. Dist. LEXIS 8111, at *4-5 (E.D.N.Y. Feb. 4, 2008)(where defendant directed to produce files relating to allegations of "excessive force, fabrication of evidence, and untruthfulness," court did not direct defendant to turn over files identified as "abuse of authority" because phrase is too vague: "[v]irtually any alleged misconduct by the police constitutes an abuse of authority").

Likewise, plaintiff asserts no allegation that defendants acted with "discourtesy," which is generally does not rise to a constitutional violation. See e.g. *Boddie v. Coughlin*, 583 F. Supp. 352, 357 (S.D.N.Y. 1984) (words exchanged "alone would be an insufficient allegation to constitute a constitutional violation"). Finally, "failure to report off duty incident" also has nothing to do with the claims asserted by plaintiff.

### Privilege Log

While in their various productions defendants have made redactions to personal information, such as dates of birth, social security numbers, defendants have not actually asserted privilege. Notwithstanding this, when defendants produced disciplinary files to plaintiff, they also supplied a privilege log outlining the redactions that had been made (annexed to plaintiff's letter as Exhibit 4). During the meet and confer between the parties held on August 22, 2014, I asked counsel whether for future productions of disciplinary records it would be necessary to provide a privilege log insofar as no actual "privilege" had been asserted. Counsel, agreeing that a privilege log need only contain actual assertions of "privilege," responded that this was not necessary. Plaintiff was merely interested to see what the allegations were for disciplinary files that were not produced. That is why my letter to plaintiff of August 25, 2014 (annexed to plaintiff's letter as Exhibit 3) lists the types of allegations (i.e. discourtesy, etc.) that were not

provided. In fact, the first time defendants were aware of a specific issue with their privilege log was plaintiff's letter Plaintiff cannot now claim that defendant never provided a privilege log.[3]

### Plaintiff Interrogatories and Document Demands

Plaintiff's seeks responses to their Interrogatories Six and Seven, which request whether defendants have ever been on force monitoring, or had been suspended. This information would have been contained in either the CPI or the employment file, both of which had been produced to plaintiff. In fact, upon information and belief, none of the defendants have been placed on force monitoring, with the possible exception of PO Vargas who was placed on modified duty from 2007 until 2009. Upon information and belief, none of the defendants have ever been suspended. Plaintiff will of course have an opportunity to question defendants on these issues when they appear for deposition.

With respect to the documents requested in Document Request 2: defendants are searching for the prisoner movement slip, FDNY/EMS documents are contained in the CCRB file, and defendants are searching for the Central Booking medical screening form.

In sum, defendants only owe a handful more documents to be produced to plaintiff that defendants are undertaking to produce, and therefore an order directing their production is unnecessary. Because of the foregoing, defendants respectfully request that plaintiff's motion be denied. I thank the Court for its consideration herein.

Respectfully submitted,

Michael K. Gertzer
Assistant Corporation Counsel

cc: Baree Fett, Esq. (by ecf)

---

[3] Indeed for any of these three types of allegation, had there been an accompanying allegation of any kind of force used, the file would have been produced.